French, J.,
concurring in part and dissenting in part.
{¶ 23} I agree with the majority’s conclusion that the juvenile court could order H.V.’s commitments to be served consecutively. Like the majority, I find In re Caldwell, 76 Ohio St.3d 156, 666 N.E.2d 1367 (1996), to be dispositive on this issue.
{¶ 24} Caldwell dealt with identical statutory language and identical arguments. There, we were asked to decide whether a juvenile court had authority to order consecutive terms of commitment under former R.C. 2151.355(A)(11), Am.Sub.H.B. No. 725, 144 Ohio Laws, Part IV, 6368, 6372, effective April 16, 1993. Former R.C. 2151.355(A)(11) gave juvenile courts the ability to “[m]ake any further disposition that the court finds proper.” We held that this catchall language allows courts to impose consecutive commitment terms. Id. at 159.
{¶ 25} R.C. 2151.355(A)(11) was repealed in 2002, but the pertinent language from that section was reenacted in R.C. 2152.19(A), the statute at issue here. Am.Sub.S.B. No. 179, 148 Ohio Laws, Part IV, 9447, 9573, relevant sections effective January 1, 2002. The relevant language of both statutes is identical; like its predecessor, R.C. 2152.19(A)(8) gives a court the authority to “[m]ake any further disposition that the court finds proper.” Per Caldwell, this language clearly “includes the authority to order consecutive terms of commitment.” Id. at 159. Because Caldwell is dispositive and indistinguishable, I agree with the majority opinion that the juvenile court had the authority to order consecutive commitments.
{¶ 26} I respectfully disagree, however, with the majority’s determination that the juvenile court can commit a juvenile to a minimum term of commitment in excess of 30 days. If a juvenile violates parole, a court can, under R.C. 5139.52(F), revoke the parole and return the child to the Ohio Department of Youth Services (“ODYS”). R.C. 5139.52(F) does not grant the court any authority to determine the term of the juvenile’s commitment, minimum or maximum. *416 The minimum 30-day term is imposed by statute, and the maximum term (or rather, the child’s release date) is left solely to the discretion of ODYS. The court simply has no authority to determine the length of the ODYS commitment at all. It may only revoke parole and return the child to ODYS. I join the chief justice’s well-reasoned dissent on this issue.